■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of HERBERT BARNARD, Petitioner, v BROADWAY WAREHOUSE COMPANY et al., Respondents. — Determination unanimously annulled, petition granted, with costs, and matter remitted to State Division of Human Rights for further proceedings, in accordance with the following memorandum: The record does not support the determination of the State Division of Human Rights (SDHR) that respondent was not petitioner's employer at the time his employment was terminated. To the contrary, the evidence establishes that respondent was petitioner's employer. The documentary evidence submitted by respondent indicates that petitioner was employed by respondent's predecessor and that when respondent purchased the business, an agreement was entered into whereby respondent's predecessor would continue certain employees on its payroll and respondent would reimburse it for the payroll costs. When that arrangement concluded, respondent retained a management agency, W. D. Hassett, Inc., to take over the payroll and respondent then reimbursed Hassett. Respondent's principals apparently concluded that it would be more economical to form its own management agency to assume that function and formed B.W.C. Service Corp., to which the employees and payroll records were transferred. At the time of the transfer, respondent's principals

decided to terminate petitioner and it is that termination which petitioner claims was made on the basis of his age. Regardless of the fact that petitioner appeared on Hassett's payroll records, it is clear that Hassett was acting merely as respondent's agent and that it was respondent who made the personnel decisions, including hiring and firing. Indeed, after petitioner filed an appeal from the order dismissing his complaint, the SDHR requested the Appeal Board to remit the matter because a review of its file made apparent that petitioner was employed by respondent. However, the matter was not remitted because the Appeal Board was abolished.

Because the SDHR dismissed the complaint on the ground that respondent was not the employer, it did not reach the issue of whether the allegations of petitioner provided probable cause of age discrimination requiring a hearing. We therefore remit the matter for such determination by the Division. The separate complaints entered against W. D. Hassett, Inc. and B.W.C. Service Corp. should be consolidated herewith and the stay of those proceedings vacated. (Proceeding pursuant to Executive Law § 298.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.